IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN MARIETTA MATERIALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEDFORD REINFORCED PLASTICS, INC., ) <br> WEST VIRGINIA UNIVERSITY RESEARCH ) <br> CORPORATION, and HOTA V. GANGARAO, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 3:2003-57 <br><br> JUDGE GIBSON |

## Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on Martin Marietta Materials, Inc.'s (hereinafter "Plaintiff") Motion Requesting Consolidation of Cases (Document No. 167), Defendants West Virginia University Research Corporation and Hota V. Gangarao's (hereinafter "WVU Defendants") Motion for Leave to File Second Amended Defenses, Answers and Counterclaims (Document No. 170) and oral Motion for Extension of Discovery Deadlines made before the Court during a status conference on October 23, 2006. The Court recognizes that these three motions are interrelated in light of the Court's recent claim construction ruling found in the Memorandum Opinion and Order dated August 18, 2006 (Document No. 158). For the following reasons the Plaintiff's Motion will be denied and the Defendants' Motions will be granted.

The Court will first review the WVU Defendants' Motion for Leave to File Second Amended Defenses, Answers and Counterclaims. These Defendants argue that they are not attempting to add new defenses or counterclaims to this civil action, but only to "conform [their pleadings] to the evidence of record in this case by introducing counterclaims based upon Plaintiff's inequitable and fraudulent actions involving the Patents-in-Suit" as well as the fact that the requested "amendments" "are substantially the same as, or similar to, the amendments asserted by Co-Defendant Bedford (hereinafter "Defendant Bedford") in its Amended Answer filed March 9, 2005 pursuant to leave of Court granted February 28, 2005." Defendant's Motion, p. 1. The leave sought is pursuant to Federal Rule of Civil Procedure 13(f) and 15(a). The Plaintiff opposes this motion and summarizes its argument by stating that the WVU Defendants "are not acting in good faith in raising these counterclaims at this time" and the leave sought "will cause Martin Marietta undue prejudice." Plaintiff's Response, p. 1. The Plaintiff further submits that if the Court does grant the WVU Defendants' request for leave, that any prejudice to the Plaintiff could be "mitigat[ed]" by denying their request for an extension of discovery deadlines and granting the Plaintiff's motion to consolidate. *Id.*

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

FED.R.CIV.P. 15.

> **f) Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

FED.R.CIV.P. 13. "Although the wording of Rules 15(a) and 13(f) differ, both rules have been construed to require essentially the same standards for granting leave to add omitted counterclaims." *Bryant v. Clark*, 1991 WL 212092, *1, 1991 U.S. Dist LEXIS 14755 *3-4 (E.D.Pa. October 15, 1991)(citations omitted).

> 'The clause in Rule 13(f) permitting amendments 'when justice requires' is especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so.' 6 Wright Miller & Kane, *Federal Practice and Procedure* § 1430 at 219 as quoted in *Budd Co. v. Travelers Indemnity Co.*, 820 F.2d 787, 791-92 (6th Cir.1987).
> In assessing whether to grant a defendant leave to amend its answer to add a counterclaim, a court should consider whether the counterclaim is compulsory, whether the pleader has acted in good faith and has not unduly delayed filing the counterclaim, whether undue prejudice would result to the plaintiff, or whether the counterclaim raises meritorious claims.

*Perfect Plastics Industries, Inc. v. Cars & Concepts, Inc.*, 758 F.Supp. 1080, 1081-1082 (W.D.Pa. 1991)(citations omitted).

In following the rules of civil procedure above and the five factor test set forth in *Perfect Plastics*, the Court finds that the counterclaims sought to be added are not compulsory; that the WVU Defendants are acting in good faith because they are not seeking to delay litigation, but only to prevent needless litigation thereby benefitting the Court as well as themselves; that they have delayed the filing of the counterclaim, whereas Defendant Bedford sought leave of court to file similar counterclaims in February 2004 and was eventually granted such leave in February 2005 (See document No. 101); the Court finds that no prejudice will befall the Plaintiff as it will be encountering similar claims and

defenses through Defendant Bedford and just as it was argued by the Plaintiff in *Perfect Plastics* at 1082, the need for further discovery that was anticipated from Defendant Bedford, and now also sought by the WVU Defendants, does not present a basis for a finding of prejudice by this Court; and finally, the question of the merit of the new counterclaims is somewhat undetermined at this juncture considering that discovery is yet to be completed, but the Court does not find any evidence that these counterclaims could otherwise be found to be frivolous. Therefore, considering all of these factors, the Court will grant the WVU Defendants' motion for leave, believing justice requires such a ruling.

Proceeding to the WVU Defendants' oral motion for extension of the February 18, 2007 fact discovery deadline, and noting the Plaintiff's opposition and Defendant Bedford's support for the motion, the Court will grant the oral motion and continue the February 18, 2007 deadline by sixty days in light of the added discovery not yet conducted by all Defendants and the age of this civil action. The Plaintiff makes it clear that it wishes to proceed to trial in 2007, but the Court concludes that a modest extension of discovery is warranted for all Defendants in civil action 3:2003-57 despite their failure to conduct such discovery previously.[1] Fact discovery shall close for civil action number 3:2003-57 on April 20, 2007 and corresponding deadlines will be set forth in a separate scheduling order.

Furthermore, in consideration of the Plaintiff's Motion Requesting Consolidation of Cases, the Court will deny this motion.[2] This civil action will be four years old as of March 17, 2007, and with claims construction being complete must now proceed to conclusion of discovery, and then to the

---

[1] It is the Court's hope that a delay of discovery will not occur in the civil action at 3:2005-221 after the Court's completion of claims construction.

[2] The Court notes that no response or opposition was filed to this motion by any of the Defendants.

4

summary judgment phase and, if need be, trial thereafter. Consolidating this matter with the civil action at 3:2005-221, in which claims construction has not been determined by this Court, with only six of the thirteen disputed claim terms in civil action 3:2005-221 being found in the claims construction already rendered in the case *sub judice*. The Plaintiff seeks consolidation of these two matters and the utilization of the scheduling order at civil action 3:2005-221 which sets a deadline of the close of fact discovery for "sixty (60) days from the Court's ruling on claim construction." The Court does not yet have a date at which it can tell the parties claims construction for civil action 3:2005-221 will be completed and thus consolidating these matters and using a date sixty days after a yet uncompleted claims construction on the later case could result in fact discovery ending in the consolidated case sometime in late summer 2007. Therefore, the Court will not delay this present civil action any further by consolidating it with a separate civil action despite the fact that certain questions of law are common to both civil actions. The Plaintiff's motion is denied.

AND NOW, this 29th day of November, 2006, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT:

1) Defendants West Virginia University Research Corporation and Hota V. Gangarao's Motion for Leave to File Second Amended Defenses, Answers and Counterclaims (Document No. 170) is GRANTED and that document shall be filed of record by the Defendants within five business days;

2) Defendants West Virginia University Research Corporation and Hota V. Gangarao's oral Motion for Extension of the Discovery Deadlines is GRANTED and fact discovery shall close on April 20, 2007 and corresponding deadlines shall be set by separate order; and

3) Plaintiff Martin Marietta Materials Inc.'s Motion Requesting Consolidation of Cases (Document No. 167) is DENIED.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**