IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIN MARIETTA MATERIALS, INC.,   )
                                    )
              Plaintiff,            )
                                    )       CIVIL ACTION NO. 3:2003-57
       v.                           )
                                    )
BEDFORD REINFORCED PLASTICS, INC.,  )
WEST VIRGINIA UNIVERSITY RESEARCH   )       JUDGE GIBSON
CORPORATION and HOTA V. GANGARAO,   )
                                    )
              Defendants.           )

## MEMORANDUM OPINION AND ORDER

**GIBSON, J.**

This matter comes before the Court on the Plaintiff Martin Marietta Materials, Inc.'s (Martin) Motion for Protective Order (Document No. 195) and Defendant Bedford Reinforced Plastics, Inc.'s (Bedford) Cross Motion to Compel Responses to Bedford's Request for Admissions and Interrogatories (Document No. 204). For the reasons stated herein, the Plaintiff's Motion will be denied in part and granted in part and Defendant Bedford's Motion will be denied in part and granted in part .

**I.    Martin's Motion for Protective Order.**

This civil action was filed in this Court in 2003 and at that time this District had adopted the Local Patent Rules for the Northern District of California as its own Local Patent Rules.[1] Those rules provided that the Local Civil Rules of Court apply to this matter "except to the extent that they are

---

[1] Since then, this Court has developed and adopted its own Local Patent Rules which became effective on April 1, 2005. LPR 1.4.

inconsistent with these Patent Local Rules." U.S.D.C., Northern District of California, Patent L.R. 1-2.

Local Rule 37.1 provides for refusal by the Clerk of Court of any discovery motion not accompanied by a Discovery Dispute Certificate indicating the failed attempt(s) made by the movant to resolve the discovery dispute submitted to the Court. LR 37.1(A). Martin has not attached this certificate, therefore, this motion should have been rejected for filing by the Clerk of Court at the time of filing. However, Exhibit E to Martin's Brief (Document No. 196) details the discussion of February 9, 2007 between Martin and Bedford and the attempts made to resolve the current discovery issues with regard to Bedford's request for admissions. The Court finds this documentation as sufficient to evidence a good faith effort among the parties to resolve the disputes in this motion as well as Bedford's cross motion discussed *infra*. Although this is not the recommended practice, the Court finds it sufficient to meet the requirements of LR 37.1(A).

Martin objects to Bedford's request for admissions as being "voluminous and burdensome", and that filing such requests on the last day possible "is oppressive and improper". Martin's Brief (Document No. 196), p. 2. Martin complains of the lateness of such requests, which were delivered January 19, 2007, and while this was the last day such requests could be filed, it was not the last day for discovery–April 20, 2007 being the last day for fact discovery. *See* Memorandum and Order of Court dated November 29, 2006 (Document No. 178). The parties have succeeded once again in further delaying the trial of this four year-old civil action. The three month timeline was imposed to allow the Defendants to complete discovery and now Martin, who originally opposed the extension of the fact discovery deadline from February 18, 2007 to April 20, 2007, chose to file its motion for a protective order five days short of the extended deadline agreed upon by the parties for answering Bedford's

2

requests. Martin itself apparently filed discovery on the January 19, 2007 deadline as well. See Martin's Brief, Exhibit E. Additionally, unlike the case of *Erbe Elektromedizin GmbH v. Canady*, No. 2:2005-1674 2006 WL 3387176(W.D.Pa. November 21, 2006), the case *sub judice* had separate dates for the serving of the discovery requests and the completion of the discovery period. The three month period between the two dates is intended to facilitate the completion of the discovery propounded. Therefore, the Court will not grant a protective order based upon Bedford's service of requests for admissions on the deadline for such action.

Martin also complains that the sheer volume of the number of six hundred thirty-five requests is burdensome and oppressive. Martin directs the Court to the minimal discovery conducted by Bedford on "its invalidity and inequitable conduct counterclaims", Martin's Brief, p. 3, and asserts that this discovery is an attempt to shift the burden of proof to Martin for these claims. Martin further characterizes the requests for admission as "interrogatories seeking facts to use in proving Bedford's invalidity and inequitable conduct counterclaims...." Martin's Brief, p. 5. Before addressing these arguments, the Court's review of the six hundred thirty-five requests for admission reveals that most of them have a more fundamental defect in their form.

The purpose of requests for admission under Federal Rule of Civil Procedure 36 "is not necessarily to obtain information, but to narrow the issues for trial." *Webb v. Westinghouse Elec. Corp.*, 81 F.R.D. 431, 436 (E.D.Pa. 1978); *see also United Coal Companies v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988)(citing *Webb*). Requests for admission should be phrased in such a manner that the responding party need only respond with "yes" or "no", "denied" or "admitted" or otherwise claim a privilege with minimal explanation. *United Coal* at 967-968.

3

It has been established that requests for admission are in essence a simplified procedure that should require minimal response and explanation as well as rarely requiring reliance on documentation of facts outside of the requests themselves:

> Ordinarily the facts admitted in an answer to a request for admissions should be ascertainable merely by examination of the request and of the answer. *Cf. Securities and Exchange Commission v. Micro-Moisture Controls*, D.C.S.D.N.Y.1957, 21 F.R.D. 164. This rule, however, is flexible and thus a certain amount of incorporation by reference may in exceptional circumstances be allowed.

*U.S. v. Watchmakers of Switzerland Information Center, Inc.*, 25 F.R.D. 197, 200 (S.D.N.Y.1959). *See also U.S. v. Chevron U.S.A., Inc.*, No. 88-6681, 1989 WL 100927, at * 4-5 (E.D.Pa. August 30, 1989). The majority of Bedford's requests seek to have Martin admit or deny that a reference "teaches and/or describes" specific claims of the patents-in-suit in light of this Court's claim construction. This goes beyond the permissible parameters of a request for admission in light of *Watchmakers*. Not only does this drafting of requests require Martin to reference at least two documents outside of a request to answer it, but the requests of such a character number over five hundred. The Court finds that only Requests for Admission numbered 19, 20, 31, 32, 33, 56, 82, 108, 134, 162, 184, 211, 233, 257, 283, 309, 332, 359, 387, 415, 439, 464, 492, 520, 548, 573, and $590^2$ through 654 shall be answered by Martin, the remaining requests between numbers 19 and 654 (exclusive of those numbers enumerated above) shall be subject to a protective order as these requests do not comply with Rule 36 because of their form which references outside matters that must be reviewed prior to answering each request.

---

[2]Requests 590 and 605 contain the same language, but this appears to be because of a scrivener's error with respect to the year referenced in Request 605 and not an attempt to be unduly repetitive. The Court understands this later request to have been intended to reference the year 2003, not 2000.

4

Although the Court understands and appreciates Bedford's attempts to narrow the issues before the Court during the summary judgment proceedings through use of requests for admissions, requests for admissions cannot be used in a manner that requires reference to facts in external documents instead of facts set forth in the request itself. Although the rule may allow for incorporation by reference in exceptional circumstances, to allow five hundred forty-four requests for admission that reference documents external to the requests would in fact defeat the purpose of requests for admission and the limitation of such references to exceptional circumstances. Bedford's efforts are not in vain though as its requests for admission subject to the protective order may still be the basis for proposed findings of fact filed with their motion for summary judgment in accordance with the procedure in Local Rule of Court 56.1.

With regard to the objections raised by Martin, the Court will now analyze them as they relate to the permitted requests for admission. The Court recognizes that the ninety-one requests for admission that are to be answered are an amount that the Court finds to be objectively reasonable, especially when the Court considers the fact that Martin sought to limit the requests in their good faith efforts of conciliation on this issue to "less than 100 requests." Martin's Brief, Exhibit E. The requests that are allowed are also not an attempt by Bedford to put forth interrogatories in the disguise of a request for admission without being subject to the limits in Federal Rule of Civil Procedure 33, unlike the circumstances of *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205-206 (6th Cir. 1988) and other cases cited by Martin. The rule governing requests for admissions permit "the request[s] [to] relate to statements or opinions of fact or of the application of law to fact,...." Fed.R.Civ.P. 36(a). Finally, despite Martin's argument that "[t]hrough these requests for admission, Bedford seeks to shift the

burden of proof", Martin's Brief, p. 3, whether the requests for admissions served by Bedford shift the burden of proof or not, such an argument is not grounds for objection. *See City of Rome v. U.S.,* 450 F.Supp. 378, 383 (D.C.D.C. 1978)(citing 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2254(2d ed. 1994)), *aff'd* 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980).

## II. Bedford's Cross Motion to Compel Responses to Bedford's Request for Admissions and Interrogatories

As the issues regarding the requests for admissions were analyzed above, the Court will move on to the issues regarding the interrogatories objected to by Martin.

Once again, the movant in this motion, Bedford, failed to file a separate certification under Local Rule 37.1(A), but as the Court found above, the parties did confer in good faith regarding the interrogatories at issue at the same time they conferred regarding the requests for admission. The Court will accept counsel for Martin's recounting of the parties' conference as set forth in Exhibit E to Martin's Brief as evidence of this good faith effort. With this understanding, the Court can review the present motion.

Bedford has filed a motion to compel Martin to respond to six interrogatories propounded by Bedford. Bedford's Cross Motion, pp. 13-15. Martin's response argues against the first interrogatory, number 8, only and does not refer to the other five interrogatories at issue. The Court's review of Interrogatory Number 8 reveals that Martin would be required to put significant time and investigation into matters that Bedford is seeking and that it believes will be in contention in trial. Although the Court's research reveals no previous precedent from the various federal courts regarding an undue

6

burden upon a plaintiff patent owner who was served with an interrogatory concerning which limitations of which claims it thought "w[ere] not taught or described by each of the references set forth in [the Defendant's] preliminary invalidity contentions", the Court finds that this interrogatory creates an undue burden on Martin in the case *sub judice*. This is because the number of patent claims at issue (39, which excludes the claims' various limitations) along with the number of references in the preliminary invalidity claims (57+) they are to be referred to in this interrogatory would appear to swallow the limitation of 25 interrogatories set forth in Federal Rule of Civil Procedure 33. The Court cannot see how the interrogatory could be fairly limited in scope to remove the burden on Martin but still achieve the end Bedford seeks. The Court finds that the issue raised by this information request is best resolved through a stipulation of the parties regarding which claim limitations are not referenced in Bedford's preliminary invalidity contentions. Therefore, Martin need not answer Interrogatory Number 8 as it will be subject to a protective order. Accordingly, the Court need not address Martin's remaining arguments including the possible shifting of the burden of proof through this interrogatory.

As for the remaining interrogatories, Martin shall answer these interrogatories. The Court does not find that the "attorney/client privilege [or] work product immunity and/or any other privilege or immunity" is applicable in the absence of a showing that the requested information is included within the privileges claimed. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 302 (E.D.Pa. 1980). The Court also does not find the remaining five interrogatories at issue to be "vague", "improperly attempt[ing] to shift the burden of proof", " not reasonably calculated to lead to the discovery of admissible evidence", "overly broad" or that "Bedford's preliminary invalidity contentions...are outdated and unclear". Cross Motion, Exhibit C, pp. 4-8. Furthermore, the general objections are not

found to be proper bases to prevent Martin from answering these interrogatories. As to Martin's objections based upon its lack of understanding of the intended meaning of the words and phrases used by Bedford in these five interrogatories, including but not limited to "market share", "competitor" or "describes or teaches a bridge deck constructed of reinforced fiberglass composite" to name a few, Martin may interpret such words and phrases using their "commonly accepted meanings" in accordance with its general objection at number three.

### III.   Attorney's Fees

The Court may enter an award of attorney's fees when it enters a protective order or grants a motion to compel. Fed.R.Civ. P. 26(c), 37(a).

With regard to Martin's Motion, all of the objections were not "substantially justified" with the possible exception of the objection to the number of requests submitted. Fed.R.Civ. P. 37(a)(4)(A). However, the Court did not reach this issue with respect to all six hundred thirty-five requests, but only ninety-one of them, after it had already concluded, *sua sponte* that the requests were improper in form. In light of the fact that the proper requests submitted were reasonable in number, the Court will not award attorney's fees to Martin.

Regarding Bedford's Motion, Bedford succeeded in obtaining today's order compelling answers to five of the interrogatories previously propounded to Martin. However, in light of the fact that Bedford has not presented to the Court evidence regarding attorney's fees sought for motions to compel that are granted under Federal Rule of Civil Procedure 37, the Court will not award any attorney's fees unless documentation, including affidavits and billing records are presented to the Court regarding the time and fees sought for this motion and Martin is given an opportunity to respond to the specific

attorney's fees requested.

**AND NOW**, this 1st day of May, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiff's Motion for Protective Order (Document No. 195) is DENIED IN PART as to Defendant Bedford Reinforced Plastics, Inc.'s Second Set of Requests for Admission numbered 19, 20, 31-33, 56, 82, 108, 134, 162, 184, 211, 233, 257, 283, 309, 332, 359, 387, 415, 439, 464, 492, 520, 548, 573, and 590-654 and these requests shall be responded to on or before May 18, 2007; and GRANTED IN PART as to all remaining requests for admissions between numbers 19 through 654, exclusive of the above enumerated requests for admissions.

IT IS FURTHER ORDERED THAT Defendant Bedford Reinforced Plastics, Inc.'s Cross Motion to Compel Responses to Bedford's Request for Admissions and Interrogatories (Document No. 204) is DENIED IN PART and GRANTED IN PART in accordance with the above paragraph as it pertains to compelling responses to the requests for admissions propounded by Defendant Bedford Reinforced Plastics, Inc.; and DENIED IN PART as it relates to compelling a response to Defendant Bedford Reinforced Plastics, Inc.'s Second Set of Interrogatories, Number 8; and GRANTED IN PART as it relates to compelling responses to Defendant Bedford Reinforced Plastics, Inc.'s Second Set of Interrogatories, Numbers 9-13 and Martin shall respond to these interrogatories on or before May 18, 2007.

IT IS FURTHER ORDERED THAT Defendant Bedford Reinforced Plastics, Inc. shall file documentation regarding any attorney's fees it wishes to seek with regard to the granting in part of it's Motion to Compel on of before May 7, 2007 and the Plaintiff, if it wishes to oppose the calculation of the requested fees, shall file a response on or before May 14, 2007.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

10